IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SHELLEY L. ROST and AARON ROST,

      Plaintiffs,

-v-                                              CASE NO.:

UNITED STATES OF AMERICA,

      Defendant.
_____/

## COMPLAINT

COME NOW, the Plaintiffs, SHELLEY L. ROST and AARON ROST, by and through their undersigned counsel, and hereby sue the Defendant, UNITED STATES OF AMERICA, (hereinafter "USA"), and allege as follows:

## GENERAL ALLEGATIONS

1. This is an action brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, et. seq. as hereinafter more fully appears, Florida Statutes Chapters 766, and 768.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1346 (b) (1) in that it involves the consortium claims of SHELLEY L ROST, the spouse of EDWARD F. ROST, and AARON ROST, the natural child of EDWARD F. ROST, wherein EDWARD F. ROST suffered personal injury caused by the negligence or wrongful act or omission of employees of the UNITED STATES OF AMERICA and those for whom

the UNITED STATES OF AMERICA bears responsibility. A separate cause of action is currently pending on behalf of EDWARD F. ROST styled EDWARD F. ROST and SHELLEY L. ROST, as husband and wife, vs. UNITED STATES OF AMERICA, et. al., Case No. 4:14-cv-00474-RH-CAS.

  3. On or about November 24, 2014, a Form 95 Administrative Claim (Exhibit A) was served on behalf of SHELLEY L. ROST to Malcom Randall VAMC, Department Of Veterans Affairs/Office of Regional Counsel, 1601 SW Archer Road, Trailer T-5, Room 101, Gainesville, FL 32608. Service was accepted on November 24, 2014 (Exhibit B). A duplicate copy was Federal Express mailed to Lake City VAMC, Department of Veterans Affairs, 619 S. Marion Avenue, Lake City, Florida, 32025-5808 (Exhibit C). It was received on November 25, 2014 (Exhibit D). The administrative claim of SHELLEY L. ROST was dated November 24, 2014, denied on November 25, 2014, and mailed to the offices of Morgan and Morgan, 20 N. Orange Ave, Orlando Florida 32801 (Exhibit E).

  4. On or about November 24, 2014, a Form 95 Administrative Claim (Exhibit F) was served on behalf of AARON ROST to Malcom Randall VAMC, Department Of Veterans Affairs/Office of Regional Counsel, 1601 SW Archer Road, Trailer T-5, Room 101, Gainesville, FL 32608. Service was accepted on November 24, 2014 (Exhibit G). A duplicate copy was Federal Express mailed to Lake City VAMC, Department of Veterans Affairs, 619 S. Marion Avenue, Lake City, Florida, 32025-5808 (Exhibit H). It was received on November 25, 2014 (Exhibit I). The administrative claim of AARON ROST was dated November 24, 2014, denied on November 25, 2014,

and mailed to the offices of Morgan and Morgan, 20 N. Orange Ave, Orlando Florida 32801 (Exhibit J).

    5.    Under 28 U.S.C. 2679(d), Plaintiffs can elect to treat the claim denied if the UNITED STATES OF AMERICA has not formally denied the claim within the appropriate statutory time or a formal denial has been issued.  A formal denial has been received within the statutory time for the administrative claims attached as Exhibits E, G, J and L, with the denials being Exhibits I and N.  As such, the claimants SHELLEY L. ROST and AARON ROST are entitled to bring this cause of action.

    6.    That all conditions precedent to the bringing of this action have been performed or waived, pursuant to the provisions of 28 U.S.C. Section 2675 and Chapters 766 and 768, Florida Statutes including but not limited to the filing of the Administrative Claim Forms 95 and their resolution.

    7.    At all times material hereto, EDWARD F. ROST was an adult who was and is married to SHELLEY L. ROST, an adult and resided in Tallahassee, Leon County, Florida.

    8.    At all times material hereto, AARON ROST was the unmarried, dependent, natural child of EDWARD F. ROST and SHELLEY L. ROST.

    9.    All treatment and acts of negligence upon EDWARD F. ROST alleged herein were committed at the Lake City Veterans Administration Medical Center (VAMC), within Columbia County, State of Florida and the Tallahassee Veterans Administration Clinic, within Leon County, State of Florida.

10.     On August 9, 2012, EDWARD F. ROST, a 66 year old veteran, underwent a tooth extraction at the Tallahassee Veterans Administration Clinic.

11.     MR. ROST was subsequently seen on August 31, 2012, at the Tallahassee Veterans Administration Clinic by Dr. Karen Krueger with complaints which included fever, chills and fatigue. The assessment was "febrile illness viral v. bact?". No cultures were ordered. Rather he was simply given a prescription for Bactrim DS and told to schedule an appointment to obtain a VA primary care physician and physical.

12.     MR. ROST sought the earliest available appointment which was September 26, 2012, and presented on that date to the Lake City Veterans Administration Medical Center (VAMC). He was seen by Dr. Beulah T. Penumudi. No blood cultures were ordered nor was any further therapy offered.

13.     On October 10, 2012, MR. ROST again presented to the Lake City Veterans Administration Medical Center (VAMC). He was admitted under the care of Dr. Durga Chintakayala with symptoms which included body pain, sweats, chills, diaphoresis and weight loss and a history of intermittent fever. A blood culture was drawn which reported back as positive for Streptococcus Sanguis bacteria. However, he only received 24 hours of IV Vancomycin and was then started on only oral Keflex.

14.     A second blood culture was drawn on October 12, 2012 which also reported positive. This was followed by a third blood culture on the day of his discharge, October 15, 2012. At the time of discharge, he was told that he would be

informed of the final results. His only discharge medication was 4 additional days of oral Keflex.

15. Having received no call back, on October 19, 2012, MR. ROST elected to call the VAMC to obtain the results of his cultures. He was informed that they were negative.

16. On October 20, 2012, the records demonstrate that his blood cultures were in fact positive on that date. As a result of the importance of the findings, the lab called VA Nurse Moore, read the results to her and had her repeat the results to them. Unfortunately, no effort was made to notify MR. ROST that his blood cultures were positive.

17. On October 23, and 24, 2012, MR. ROST again called the VA and reported his symptoms. He asked that a physician refill his pain medication due to the body aches he was experiencing. He was told that it would take at least 48 hours to see a physician for the prescription. The VA nurse taking the call directed them to go to a civilian emergency room.

18. MRS. ROST did take her husband to the Emergency Room at Capital Regional Medical Center, Tallahassee as directed on October 24 where blood cultures were drawn. On October 25, 2012, MR. and MRS. ROST returned to the Capital Regional Medical Center Emergency Room for the culture results which were reported to him as negative at that time.

19. Approximately 24 hours later, on October 26, 2012, MR. ROST did receive a call from an emergency room physician at Capital Regional Medical Center.

He was then told that his cultures had turned positive for Streptococcus bacteria infection.  He was then given a prescription for a short course of oral Cipro and directed to follow with the VA.

20. As directed, on October 31, 2012, MR. ROST followed up at the Lake City Veterans Administration Medical Center (VAMC).  He related his history and symptoms.  He was not admitted but rather instructed to return for a follow up blood culture.  As directed, MR. ROST returned on the appointed date November 13, 2014 at which time a blood culture was drawn and he was again directed to return home.

21. On November 14, the blood culture taken the day before was reported as positive for Streptococcus bacteria.  He was finally admitted and seen for the first time by a specialist in infectious disease.

22. MR. ROST was discharged on November 21, 2012, but due to reports of positive blood cultures while hospitalized he was  called on a later date  and  asked to return to remove infusion lines (PICC) that had been previously placed .

23. MR. ROST did return as directed on November 24, 2012, and was hospitalized for removal of the previously placed PICC lines. Unfortunately, on November 25, 2012, he suffered a catastrophic stroke. This was later determined to have been caused by embolism breaking off   from vegetation growing on his heart valve which in turn was caused by the persistent Streptococcus bacterial infection.   He has as a consequence suffered catastrophic permanent and totally debilitating injuries.

24. At all times material to this cause there existed a healthcare provider-patient relationship between Plaintiff, EDWARD F. ROST, the Tallahassee Veterans

Administration Clinic, the Lake City Veterans Administration Medical Center (VAMC), and all of the healthcare providers at those facilities who were involved in providing and/or failing to provide medical care and treatment to Plaintiff, EDWARD F. ROST.

25. At all times material hereto, all employees of the Tallahassee Veterans Administration Clinic, the Lake City Veterans Administration Medical Center (VAMC) and those medical care providers contracted with and/or assigned to provide care for the patients of the Tallahassee Veterans Administration Clinic and the Lake City Veterans Administration Medical Center (VAMC), including physicians, nurses, technicians, nurses' assistants, administrators, administrative staff, and other healthcare staff, owed a duty of care to provide medical care and treatment to Plaintiff, EDWARD F. ROST, which met or exceeded the prevailing professional standard of care for similar healthcare providers.

26. All employees of the Tallahassee Veterans Administration Clinic, the Lake City Veterans Administration Medical Center (VAMC) and those medical care providers contracted with and/or assigned to provide care for the patients of the Tallahassee Veterans Administration Clinic and the Lake City Veterans Administration Medical Center (VAMC), including physicians, nurses, technicians, nurses' assistants, administrators, administrative staff, and other healthcare staff, were negligent and failed to meet the prevailing professional standard of care in the care and treatment of Plaintiff, EDWARD F. ROST, including but not limited to the following particular respects:

  A. Failure to take a timely and appropriate history.

  B. Failure to understand the significance of the presenting history, signs and symptoms.

  C. Failure to timely obtain and/or consider information relating to prior medical care.

  D. Failure to understand the significance of prior medical care.

  E. Failure to perform an adequate examination and/or take into appropriate consideration the results of a physical examination.

  F. Failure to timely take blood and urine cultures.

  G. Failure to timely obtain the results of blood and urine cultures.

  H. Failure to appropriately take into consideration and/or understand the significance of the blood and urine cultures.

  I. Failure to notify treating physicians in a timely manner of the results of the blood and urine cultures.

  J. Failure to notify MR. ROST in a timely manner of the correct results of the blood and urine cultures.

  K. Failure to make a timely and appropriate diagnosis of MR. ROST's medical condition.

  L. Failure to obtain timely and appropriate consultations.

  M. Failure to timely and appropriately admit MR. ROST to the hospital.

      N.     Failure to timely and appropriately refer MR. ROST for medical care if same could not be provided within the VA system.

      O.     Failure to timely and appropriately respond to requests for medical care from MR. ROST.

      P.     Failure to timely institute appropriate therapy for MR. ROST.

      Q.     Failure to provide appropriate nursing services, technician services and administrative services including communication between the VA and MR. ROST and between the nursing staff and physician staff.

      R.     Failure to appropriately supervise all administrative and medical providers including secretarial, nursing and physician staff.

27.     As a result of the aforementioned acts of negligence and deviations from the acceptable standards of care by the employees of the Tallahassee Veterans Administration Clinic, the Lake City Veterans Administration Medical Center (VAMC) and those medical care providers contracted with and/or assigned to provide care for the patients of the Tallahassee Veterans Administration Clinic and the Lake City Veterans Administration Medical Center (VAMC), including physicians, nurses, technicians, nurses' assistants, administrators, administrative staff, and other healthcare staff, Plaintiff, EDWARD F. ROST suffered a stroke and was permanently and catastrophically injured in and about his body and suffered aggravation of a pre-existing condition, as follows all of which occurred in the past and will continue indefinitely into the future:

      a.     Personal injury and resulting pain and suffering;

b.  Disability;

c.  Disfigurement;

d.  Mental anguish;

e.  Loss of the capacity for the enjoyment of life;

f.  Expense of hospitalization, medical and nursing care and treatment and expenses associated with his disabilities;

g.  Loss of earnings;

h.  Loss of the ability to earn money;

i.  Aggravation of a previously existing condition.

### COUNT I
### LOSS OF CONSORTIUM OF SHELLEY L. ROST

Plaintiff, SHELLEY L. ROST realleges and incorporates by reference the allegations contained in paragraphs 1 through 27 above, and further alleges:

28.  That throughout EDWARD F. ROST's care and treatment by the UNITED STATES OF AMERICA, and at all times subsequent thereto, SHELLEY L. ROST has been legally married to EDWARD F. ROST.

29.  That throughout their marriage, EDWARD F. ROST did provide services, comfort, companionship and society to SHELLEY L. ROST and both anticipated that this would continue throughout their lives.

30.  That as a direct and proximate result of the negligent acts and omissions of the UNITED STATES OF AMERICA that resulted in the stroke and permanent and catastrophic injury of EDWARD F. ROST, SHELLEY L. ROST has suffered the loss of

EDWARD F. ROST's services, comfort, companionship and society and has further been required to provide services and suffered a loss of income all of which has occurred in the past and will continue into the future, and all of which said injuries and damages are permanent.

WHEREFORE, Plaintiff, SHELLEY L. ROST, demands judgment for all damages and costs allowed by law against the Defendant, the UNITED STATES OF AMERICA.

## COUNT II
## LOSS OF PARENTAL CONSORTIUM OF AARON ROST

Plaintiff, AARON ROST realleges and incorporates by reference the allegations contained in paragraphs 1 through 27 above, and further alleges:

31. That throughout EDWARD F. ROST's care and treatment by the UNITED STATES OF AMERICA, and at all times subsequent thereto, AARON ROST has been the natural, unmarried, dependent child of EDWARD F. ROST and SHELLEY L. ROST.

32. That throughout the life of AARON ROST, EDWARD F. ROST has provided to AARON ROST services, comfort, companionship, society and financial support.

33. That as a result of the negligent acts and omissions of the UNITED STATES OF AMERICA that resulted in the significant injury and permanent and total disability of EDWARD F. ROST, AARON ROST has suffered the loss of EDWARD F. ROST's services, comfort, companionship, society and financial support and has

rendered services to EDWARD F. ROST and suffered diminution of income, all of which has occurred in the past and will continue into the future and all of which said injuries and damages are permanent.

WHEREFORE, Plaintiff, AARON ROST demands judgment for all damages allowed by law including Florida Statute 768.0415 against the UNITED STATES OF AMERICA.

### CERTIFICATE OF COUNSEL

The undersigned hereby certifies that a reasonable investigation has taken place, which has given rise to a good faith belief that grounds exist for an action against the named Defendant for medical negligence.

WHEREFORE, Plaintiffs demands judgment against the Defendants for all damages allowed by law, costs, and such relief as this Court deems just and proper.

Dated this 3rd day of December, 2014.

*/s/ Joseph M. Taraska*
_____
Joseph M. Taraska, Esquire
Florida Bar No. 235571
jtaraska@forthepeople.com
A. Scott Noecker, Esquire
Florida Bar No. 705810
snoecker@forthepeople.com
MORGAN & MORGAN, P.A.
16th Floor
20 North Orange Avenue
Orlando, Florida 32801
Phone (407) 420-1414
Fax (407) 422-8925
Secondary email addresses:

nellington@forthepeople.com
dmassie@forthepeople.com
***Attorneys for the Plaintiffs***